IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON JAMES CROSS,<br><br>Defendant. | Cause No. CR 22-105-BLG-SPW<br><br><br><br>ORDER |

This matter is before the Court on a motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, filed by pro se federal prisoner Brandon James Cross ("Cross"). (Doc. 29.) The Court has considered Cross's challenge to the validity of his conviction and sentence. For the reasons explained below, Cross's § 2255 motion will be denied.

I.    **Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98

1

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On November 3, 2022, while represented by counsel, Cross pled guilty to Count I of the Indictment, Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j). In exchange the Government agreed to dismiss Counts II- IV at the time of sentencing. (Docs. 16 & 18.) On March 15, 2023, this Court sentenced Cross to the Bureau of Prisons, for 60 months, followed by a 3-year period of supervised release. *See*, Judg. (Doc. 25.) Cross did not appeal.

In his present filing, Cross argues that his rights under the Second Amendment were violated. Specifically, he claims his original conviction was unconstitutional, because there is no historical precedent allowing for "a member of the people in the founding era was permanently stripped of their right to bear arms simply because they were convicted of a crime." (Doc. 29 at 3.) In support of his position, Cross cites *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), *United States v. Rahimi*, 602 U.S. --, 144 S. Ct. 1889 -- (2024),

and *United States v. Duarte*, 101 F. 4th 657 (9th Cir. 2024). (*Id.*) Cross explains his untimely filing by noting that *U.S. v. Duarte* recently applied the *Bruen* test to 18 U.S.C. 922(g)(1) convictions and is part of a series of "watershed cases" that completely altered Second Amendment jurisprudence within the last six months. (*Id.* at 7.) Accordingly, he requests his motion be considered timely. (*Id.*)

Cross asks that his original sentence, conviction, and supervision be vacated and that he be immediately released without any remaining supervision. (*Id.* at 4.)

### III. Analysis

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States […] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979)(*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

As a preliminary matter, it appears Cross's filing may be barred by procedural hurdles, including the statute of limitations and procedural default. But this Court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues).

18 U.S.C. § 922 makes illegal under federal law certain persons possessing, acquiring, manufacturing, or selling firearms; certain types of firearms; and carrying a firearm within certain locations. Despite Cross's assertion, *see e.g.*, (Doc. 29 at 2), he was not convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As set forth above, Cross was convicted of violating 18 U.S.C. §922(j), which makes it a crime to possess a stolen firearm or ammunition while "knowing or having reasonable cause to believe that the firearm or ammunition was stolen." Thus, Cross's reliance upon *Bruen, Rahimi,* and *Duarte* is misplaced, as applied to his crime of conviction; those cases all examined whether or not § 922(g)(1) violates the Second Amendment.

Moreover, *Duarte* does not stand for the premise which Cross asserts. In *Duarte*, a three-judge panel found 18 U.S.C. 922(g)(1), was unconstitutional as

applied to Duarte, a nonviolent felon. 101 F. 4th at 691. Subsequently, the Ninth Circuit granted rehearing *en banc* in *Duarte* and vacated the panel's decision. 101 F. 4th 786 (9th Cir. Jul 17, 2024)(mem.).

This Court has previously determined that *Duarte* no longer has a binding precedential effect and that until the en banc court resolves *Duarte*, the prior Ninth Circuit precedent controls. *See e.g., United States v. Purkey*, 2024 WL 4388465, *3 (D. Mont. Oct. 3, 2024)(finding *United States v. Vongxay,* 549 F. 3d 1111 (9th Cir. 2010), to be controlling precedent over *Duarte* and following Ninth Circuit and other district court decisions holding § 922(g)(1) to be facially constitutional)(additional citations omitted); *United States v. Weeks*, Cause No. CR 18-14-BLG-SPW, Ord. (D. Mont. Oct. 28, 2024)(same); *United States v. Golie*, Cause No. CR 21-27-M-DLC, Ord. at 4-7 (D. Mont. Oct. 29, 2024)(same). Accordingly, even if Cross had been convicted under § 922(g)(1), he could not rely upon *Duarte* for requesting the relief sought in his § 2255 motion. His motion must be denied.

### IV.   Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253( c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)(*citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Under this standard, Cross is not entitled to a certificate of appealability. No reasonable jurist would find debatable Cross's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion.

Accordingly, IT IS ORDERED:

1. Cross's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 29) is DENIED on the merits.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Cross files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 24-144-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Cross.

DATED this 13th day of November, 2024.

Susan P. Watters
United States District Court Judge